UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-25-13
```

-------------------------------------------

DESHAWN BANKS,

                           Plaintiff,

          -against-

#8932 CORRECTIONAL OFFICER; #12025
CORRECTIONAL OFFICER,

                    Defendants.

-------------------------------------------

11 Civ. 8359 (LAP)

MEMORANDUM AND ORDER

Loretta A. Preska, Chief United States District Judge:

     This is one of several actions Plaintiff Deshawn Banks

("Plaintiff"), a prisoner currently in New York State custody,

has brought pro se against various New York State prison

officials under 42 U.S.C. § 1983.  In this case, Plaintiff sues

two correctional officers in their "individual, personal

capacity":  Stacey Hiers and Richard Pacheco ("Defendants"), New

York City Department of Corrections employees.[1]

     Plaintiff's Complaint ([dkt. no. 2] ("Complaint" or

Compl.") filed on November 17, 2011, involves a single incident

while Plaintiff was at Bellevue Hospital.  On September 29,

2011, Plaintiff was residing at the Bellevue Hospital intake and

was being observed by Defendants.  (Compl. § II. C.)  Plaintiff

-------------------------------------------

[1] Although not specifically named in the Complaint, these
individuals were identified based on the shield numbers provided
in the Complaint.  (Memorandum of Law in Support of Defendants'
Motion to Dismiss the Complaint, filed April 10, 2012 [dkt. no.
15] ("Def. Memo")).

alleges that the Defendants turned their attention elsewhere, whereupon Plaintiff began to inflict harm upon himself.  (<u>Id.</u> at 3.)  On April 9, 2012, Defendants moved to dismiss the Complaint (Def. Memo), arguing that (1) Plaintiff failed to state a claim on § 1983; (2) Plaintiff failed to allege deliberate indifference to a serious medical need; and (3) Plaintiff is not entitled to the relief he seeks.  On June 18, 2012, following a telephone conference with Magistrate Judge Maas and all parties, Plaintiff was ordered to respond to all pending motions to dismiss by July 9, 2012.  (<u>See</u> Dkt. No. 18).  Plaintiff has failed to oppose the instant motion to dismiss.  For the reasons that follow, Defendants' motion to dismiss [dkt. no. 14] is GRANTED.

I.   <u>BACKGROUND</u>

The following facts are taken from Plaintiff's Complaint and do not constitute findings of fact by the Court.  The Court assumes these facts to be true only for purposes of deciding the pending motion and construes them in a light most favorable to Plaintiff, the non-moving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

On September 29, 2011, Plaintiff was in the Bellevue Hospital intake observation cell awaiting admission to the hospital's psychiatric ward.  (Compl. at 3.)  Plaintiff asserts

2

that at that time he was being observed by two correctional officers, the named Defendants. (<u>Id.</u>) Plaintiff claims that the Defendants directed their focus elsewhere leaving Plaintiff unsupervised at which point he "[b]ecame very schipopentic [sic] and paranoid, discovered broken sharp objects within the observation cell area and began to inflict self mutilation that sustained injuries to plaintiff Banks['] forearm." (<u>Id.</u>) Plaintiff was treated by the emergency department at Bellevue Hospital and was discharged later the same day. (<u>Id.</u> at 3, 6.)

Plaintiff states that he filed a grievance while at Bellevue Hospital. (<u>Id.</u> § 4.) In the grievance, Plaintiff made complaints about not being observed. (<u>Id.</u>) Plaintiff claims he has not received a response to his initial grievance. (<u>Id.</u>) Plaintiff files the instant action and seeks one million and one hundred thousand dollars in compensatory damages, and seven hundred thousand dollars in punitive damages. (<u>Id.</u> § 5.)

II.  <u>DISCUSSION</u>

A.  <u>Legal Standard</u> – <u>Motion to Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard is met "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, the Court does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 677.

In the case of a pro se litigant, the Court reads the pleadings leniently and construes them to raise "the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (citation omitted). This guidance applies with particular force when the plaintiff's civil rights are at issue. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). However, to survive a Rule 12(b)(6) motion to dismiss, a pro se plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B.  Analysis

    1. Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the

Constitution or laws of the United States was violated, and (2)
that the violation was committed by a person acting under the
color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988);
McKithen v. Brown, 481 F.3d 89, 99 (2d Cir. 2007).  In addition,
"[i]t is well settled in this Circuit that personal involvement
of defendants in alleged constitutional deprivations is a
prerequisite to an award of damages under § 1983." Wright v.
Smith, 21 F.3d 496, 501 (2d Cir. 1994) (internal citations
omitted).

Plaintiff fails to point to a specific constitutional
provision or federal law that has been violated in his
Complaint.  (See Compl. generally.)  In order to succeed on a
§ 1983 claim the Plaintiff must show that "defendant's conduct
deprived him of a federal right." Sykes v. James, 13 F.3d 515,
519 (2d Cir. 1993).  Construed liberally, Plaintiff's Complaint
amounts to a deliberate indifference allegation of a Due Process
violation under the Fourteenth Amendment of the Constitution.[2]
In order to succeed on the merits in a deliberate indifference

---

[2] The analysis of "[c]laims for deliberate indifference to a
serious medical condition or other serious threat to the health
or safety of a person in custody should be analyzed under the
same standard . . . [of] the Eighth or Fourteenth Amendment."
Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).  The Eighth
Amendment applies to the federal government, and the Fourteenth
Amendment applies to the states through incorporation.  Gideon
v. Wainwright, 372 U.S. 335, 343 (1963).  Thus, the Court will
equally consider due process cases brought under the Eighth and
Fourteenth Amendments.

claim a plaintiff must show both objective and subjective violations.  <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) ("Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, <u>objectively</u>, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities . . . .  The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.  To violate the Cruel and Unusual Punishments Clause, a prison official must have a <u>sufficiently culpable state of mind</u>.")  (emphasis added) (internal quotation marks and citations omitted); <u>see also</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1998); <u>Branham v. Meachum</u>, 77 F.3d 626, 631 (2d Cir. 1996).

     As will be discussed, <u>infra</u>, Plaintiff has not adequately plead a sufficiently serious act or omission of Defendants, or the requisite culpable state of mind.  (<u>See</u> Compl. generally).  None of Plaintiff's allegations meets the required objective standard set forth in <u>Farmer</u>.  511 U.S. at 298.

     C.   <u>Deliberate Indifference to a Serious Medical Need</u>

     Plaintiff has failed to allege facts that would indicate he had a serious medical need and that Defendants were deliberately indifferent to it.  In <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to

6

serious medical needs constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." "Deliberate indifference" must be evidenced by proof that a defendant intentionally denied, delayed access to, or interfered with prescribed treatment.  Id. at 104-06; Hathaway v. Coughlin, 37 F.3d 63, 66-68 (2d Cir. 1994); Gill v. Mooney, 824 F.2d 192, 195-96 (2d Cir. 1987); Collins v. Ward, 652 F. Supp. 500, 510 (S.D.N.Y. 1987); Williams v. Coughlin, 650 F. Supp. 955, 957 (S.D.N.Y. 1987).

> The deliberate indifference standard embodies both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L.Ed.2d 271 (1991).  See Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) (standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain") (citations omitted).  Second, the charged official must act with a sufficiently culpable state of mind.  See Wilson, 501 U.S. at 298.

Hathaway, 37 F.3d 63 at 66.  At a minimum, there must be "at least some allegation of a conscious or callous indifference to a prisoner's rights."  Zaire v. Dalsheim, 698 F. Supp. 57, 59 (S.D.N.Y. 1988) (citations and internal quotation marks omitted); see also Gill, 824 F.2d at 195-96.

Plaintiff has failed to allege facts that would satisfy the deliberate indifferent standard.  As for establishing an objectively urgent medical emergency, Plaintiff fails to assert

any facts that indicate he suffered from a serious or urgent
medical condition.   The only medical condition mentioned in the
Complaint is the self-inflicted wound to the forearm, which was
treated after Plaintiff inflicted it.   While the Complaint
alleges the Defendants directed their focus elsewhere, which
occurred before the Plaintiff's self mutilation, it does not
contain facts that raise the inference that Plaintiff needed to
be continuously and personally watched while secured in a
psychiatric observation cell.   Plaintiff fails to assert any
facts that indicate that the Defendants had a reason to believe
the Plaintiff might attempt self-injury and that reasonable care
was not taken in supervising the Plaintiff.   See Dinnerstein v.
United States, 486 F.2d 34, 38 (2d Cir. 1973).   In addition, the
Complaint does not identify any specific or general deprivation
of medical care or safety.   Consequently, the Complaint fails to
allege facts that satisfy the objective prong of the deliberate
indifference standard.

The Complaint does not raise the inference that the
Defendants acted intentionally to deprive Plaintiff of medical
care or protection.   Indeed, Plaintiff's placement in Bellevue
Hospital's mental health unit rebuts the assertion that his
mental illness was ignored.   A prison guard's deliberate
indifference to a serious medical need of a prisoner means
intentionally denying or delaying access to medical care or

8

intentionally interfering with medical treatment once it was prescribed.  Estelle, 429 U.S. at 104.  Plaintiff failed to raise any fact that would suggest an intentional threat to Plaintiff's health or safety.  Plaintiff failed to raise any fact that would suggest Defendants disregarded the well-being of the Plaintiff in any way.  The Complaint does not contain any information about the Defendants except that their focus was not exclusively directed to the Plaintiff.  Thus, the Complaint fails to allege facts that satisfy the subjective prong of the deliberate indifference standard.


    D.   Relief Sought

Finally, even were the Court to find merit in Plaintiff's claims, he is not entitled to the relief he seeks.  Plaintiff seeks seven hundred thousand dollars in punitive damages and one million one hundred thousand dollars in compensatory damages. (Compl. § V.)  The Court of Appeals has stated that "evidence of the 'evil motive or intent' or 'callous indifference' [of a defendant's conduct] . . . is essential to an award of punitive damages."  Ivani Contracting Corp. v. City of N.Y., 103 F.3d 257, 262 (2d Cir. 1997) (citing Smith v. Wade, 461 U.S. 30, 56, (1983)).  As discussed, Plaintiff has not adequately alleged either Defendant's involvement in the claimed deprivations let alone pleaded particular facts that suggest they acted with an

"evil motive" or with "callous indifference."  Compensatory
damages are denied because Plaintiff has not pleaded a valid
claim.

In light of the multiple deficiencies of the Complaint and
Plaintiff's failure to oppose the motion to dismiss, the Court
finds that amendment would be futile.  Accordingly, all claims
are dismissed with prejudice.

III. CONCLUSION

For the foregoing reasons, Defendants' motion to
dismiss the Complaint in its entirety [dkt. no. 14] is GRANTED
with prejudice.

The Court certifies, pursuant to 28 U.S.C.
§ 1915(a)(3), that any appeal from this order would not be taken
in good faith, and therefore in forma pauperis status is denied
for the purpose of an appeal.  See Coppedge v. United States,
369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: New York, New York
       February 25, 2013

                              _____
                              UNITED STATES DISTRICT JUDGE



                                   10